UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| RANDI ZIEL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CASE NO. 4:21-cv-138 |
| | ) |
| SOUTHERNCARE, INC., | ) |
| | ) |
| Defendant. | ) |
| | ) |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**I. NATURE OF THE CASE**

1. Plaintiff, Randi Ziel ("Ziel" or "Plaintiff"), by counsel, brings this action against Defendant, Southerncare, Inc., ("Defendant"), alleging violations of the Americans with Disabilities Act ("ADA"), as amended, 42 U.S.C. §12101 *et. seq.* and the Family Medical Leave Act of 1993, ("FMLA"), as amended, 29 U.S.C.§ 2601 *et. seq.*

**II. PARTIES**

2. Ziel is a resident of Clark County in the State of Indiana, who at all times relevant to this action resided within the geographical boundaries of the Southern District of Indiana.

3. Defendant is a foreign company that systematically conducts business within the geographical boundaries of the Southern District of Indiana.

**III. JURISDICTION AND VENUE**

4. Jurisdiction is conferred on this Court over the subject matter of this litigation pursuant to 28 U.S.C. §1331; 28 U.S.C. §1343; 29 U.S.C. § 2617(4); and 42 U.S.C. §12117.

5. Defendant is an "employer" as that term is defined by 42 U.S.C. §12111(5)(A).

6. Ziel is an "employee" as that term is defined by 42 U.S.C. §12111(4).

7. Ziel, at all relevant times, was and "eligible employee" as that term is defined by 29 U.S.C. § 26111(2).

8. Ziel is associated with an "individual with a disability" as defined by the Americans with Disabilities Act, 42 U.S.C. §§12102(2) and 12111(8).

9. Ziel satisfied her obligation to exhaust her administrative remedies having timely filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") against Defendant alleging disability discrimination. Ziel received the required Notice of Suit Rights and timely files this action.

10. A substantial part of the events, transactions, and occurrences relevant to this lawsuit arose within the geographical environs of the Southern District of Indiana; thus, venue is proper in this Court.

## IV. FACTUAL ALLEGATIONS

11. Ziel was hired by Defendant in July 2019 as an RN Case Manager.

12. At all relevant times, Ziel met or exceeded Defendant's legitimate performance expectations. Her performance evaluations had all been positive.

13. In or about September 2020, Ziel began reporting to Sarah Brown. In late September, Ziel inquired with Brown regarding her need for leave under the FMLA to care for her mom.

14. Defendant did not provide Ziel with the paperwork to get approved or otherwise inform her of her rights and responsibilities under the FMLA.

15. Shortly thereafter, Ziel overheard another nurse commenting that Ziel would be going out on leave soon. Ziel had not disclosed her need for leave to that nurse.

16. On or about October 9, 2020, Brown placed Ziel on a performance improvement plan. The performance issues denoted in the plan, however, were inaccurate.

17. Nonetheless, Ziel met the terms of the improvement plan and when she met with Brown at the end of October, she was informed that her performance was good and the improvement was documented on the performance plan.

18. On November 10, 2020, Ziel was forced to quarantine due to COVID-19. Defendant failed to provide her with paid leave during her quarantine or offer her leave under the FMLA.

19. On November 21, 2020, Ziel tested positive for COVID-19; again, Defendant did not offer her leave under the FMLA.

20. On November 25, 2020, Defendant terminated Ziel's employment for alleged performance reasons; however the purported performance reasons were a pretext for discrimination based on her need for medical leave, her actual or perceived disability or association with her mom, an individual with a disability.

## V. CAUSES OF ACTION
### COUNT I: DISABILITY DISCRIMINATION

21. Ziel hereby incorporates by reference paragraphs one (1) through twenty (20) as if the same were set forth at length herein.

22. Defendant violated Ziel's rights as protected by the Americans with Disabilities Act, 42 U.S.C. 12101, *et. seq.* by terminating Ziel based on her actual or perceived disability.

23. Defendant's actions were intentional, willful and in reckless disregard of Ziel's rights as protected by the ADA.

24. Ziel has suffered and continues to suffer damages because of Defendant's actions.

## COUNT II: DISABILITY DISCRIMINATION BY ASSOCIATION

25. Ziel hereby incorporates by reference paragraphs one (1) through twenty-five (25) as if the same were set forth at length herein.

26. Defendant discriminated against Ziel based on her association with an individual with a disability.

27. Defendant's actions were intentional, willful and in reckless disregard of Ziel's legal rights.

28. Ziel has suffered and continues to suffer harm as a result of Defendant's unlawful actions.

## COUNT II: FMLA- RETALIATION

29. Ziel hereby incorporates paragraphs one (1) through twenty-eight (28) of her Complaint as if the same were set forth at length herein.

30. Defendant retaliated against Ziel for exercising her rights under the FMLA.

31. Defendant's actions were intentional, willful, and in reckless disregard for Ziel's rights as protected by the FMLA.

32. Ziel has been damaged and continues to be damaged by Defendant's actions.

## COUNT IV – FMLA - INTERFERENCE

33. Ziel hereby incorporates paragraphs one (1) through thirty-two (32) of her Complaint.

34. Defendant unlawfully interfered with the exercise of Ziel's rights under the FMLA.

35. Defendant's actions were intentional, willful, and in reckless disregard of Ziel's

rights as protected by the FMLA.

36. Ziel suffered damages as a result of Defendant's unlawful actions.

## VI.  REQUESTED RELIEF

WHEREFORE, Plaintiff, Randi Ziel, respectfully requests that this Court enter judgment in her favor and award her the following relief:

1. All wages, benefits, compensation, and other monetary loss suffered as a result of Defendant's unlawful actions;

2. Compensation for any and all other damages suffered as a consequence of Defendant's unlawful actions;

3. Compensatory damages for Defendant's violations of the ADA;

4. Punitive damages for Defendant's violation of the ADA;

5. Liquidated damages for Defendant's violation of the FMLA;

6. Costs and attorney's fees incurred as a result of bringing this action;

7. Pre- and post-judgement interest on all sums recoverable; and

8. All other legal and/or equitable relief this Court sees fit to grant.

Respectfully submitted,

s/Andrew Dutkanych III
Andrew Dutkanych III
BIESECKER DUTKANYCH & MACER, LLC
144 North Delaware Street
Indianapolis, Indiana 46204
Telephone: (317) 991-4765
Facsimile: (812) 424-1005
Email: ad@bdlegal.com
*Counsel for Plaintiff, Randi Ziel*

## DEMAND FOR JURY TRIAL

Plaintiff, Randi Ziel, by counsel, requests a trial by jury on all issues deemed so triable.

    Respectfully submitted,

    s/Andrew Dutkanych III
    Andrew Dutkanych III
    BIESECKER DUTKANYCH & MACER, LLC
    144 North Delaware Street
    Indianapolis, Indiana 46204
    Telephone: (317) 991-4765
    Facsimile: (812) 424-1005
    Email: ad@bdlegal.com
    *Counsel for Plaintiff, Randi Ziel*